Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOURCE DIGITAL, INC., a New York corporation; THE NORTHSTAR GROUP, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-6176<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>**(17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, Backgrid USA, Inc., complains against Defendant Source Digital, Inc., a corporation, Defendant The Northstar Group, Inc., a corporation, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1.      This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Among other things, Defendants target Southern California residents with advertisements on its website, theSource.com, the same website that hosts at least some of the infringing material owned by Backgrid.

## PARTIES

3.      Plaintiff Backgrid USA Inc. ("Backgrid") is a California corporation existing under the laws of California, with its principal place of business located in Redondo Beach, California.

4.      On information and belief, Defendant Source Digital, Inc. ("Source Digital") is a corporation existing under the laws of New York, with its principal place of business located in New York, New York.

5.      On information and belief, Defendant The Northstar Group, Inc. ("Northstar") is a corporation existing under the laws of New York, with its principal place of business located in New York, New York.

**COMPLAINT**

6.      Source Digital and Northstar are collectively "The Source."

7.      The true names or capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

### *Backgrid and the Photographs that Frame This Dispute*

8.      Backgrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

9.      Among many other in-demand works, Backgrid owns coveted photographs of Jennifer Lopez, A$AP, Jay-Z, Kevin Hart, Ellen DeGeneres, and Saweetie among many others (the "Celebrity Photographs"). Each of the Celebrity Photographs that are at issue in this action is timely registered. Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office. The copyright registrations are attached hereto as Exhibit A.

### *Defendants and Their Willfully Infringing Activity*

10.     On information and belief, Defendants own, operate, and control the Rap and Hip-Hop news magazine and website, theSource.com. On information and belief, it is the world's longest running rap periodical, having been published since 1988. According to Semrush, a leading website ranking tool, theSource.com attracts

**COMPLAINT**

1  about 595,887 organic traffic hits per month, 85% of which come from the United
2  States.

3       11.     On information and belief, in addition to theSource.com, Defendants
4  operate and control an Instagram account and a Twitter account to promote their
5  content and also their website and magazine. On information and belief, Defendants
6  depend on the Source's Instagram and Twitter accounts to promote their website
7  theSource.com and their brand. The Source's Instagram account, Twitter account,
8  and theSource.com website are collectively the "Websites."

9       12.     Defendants reproduced, distributed, displayed, and created
10 unauthorized derivative works of the Celebrity Photographs on the Websites without
11 consent or license, as shown in Exhibit B.

12      13.     Defendants violated federal law by willfully infringing Backgrid's
13 copyrights to at least four Celebrity Photographs on, at least, the Websites.

14      14.     Moreover, Defendants induced, caused, or materially contributed to the
15 reproduction, distribution, and public display of the Celebrity Photographs and
16 derivatives thereof, all while knowing or having reason to know of the infringement
17 on the Websites was without permission, consent, or license.

18      15.     On information and belief, Defendants operate and control the Websites
19 at all times relevant to this dispute and financially benefit from the infringement of
20 the Celebrity Photographs displayed thereto.  On information and belief, Defendants
21 have driven significant traffic to their websites, and, therefore revenues, in large part
22 due to the presence of the sought after and searched-for Celebrity Photographs that
23 frame this dispute.  All of this traffic translates into substantial ill-gotten commercial
24 advantage and brand awareness as a direct consequence of their infringing actions.

25      16.     Backgrid attempted to resolve this dispute prior to filing this Action, but
26 the parties were unable to find a resolution.

27 //

28 //

**COMPLAINT**

# FIRST CLAIM FOR RELIEF
## (Copyright Infringement, 17 U.S.C. § 501)

17.     Backgrid incorporates by reference the allegations in paragraphs 1 through 16 above.

18.     Backgrid is the owner of all rights, title, and interest in the copyrights of the Celebrity Photographs that frame this dispute, which substantially consist of wholly original material, and which are copyrightable subject matter under the laws of the United States.

19.     Backgrid filed for copyright registration of the Celebrity Photographs within 90 days of their first publication with the United States Copyright Office.

20.     Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed Backgrid's copyrights by reproducing, displaying, distributing, and utilizing the Celebrity Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

21.     All of the Defendants' acts are and were performed without permission, license, or consent of Backgrid.

22.     Backgrid has identified at least 4 instances of infringement by way of the unlawful reproduction and display of Backgrid's photographs.

23.     As a result of the acts of Defendants alleged herein, Backgrid has suffered substantial economic damage.

24.     Defendants have willfully infringed, and unless enjoined, will continue to infringe Backgrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefits they receive from Backgrid's copyrights.

25.     The wrongful acts of Defendants have caused, and are causing, injury to Backgrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Backgrid will suffer irreparable

**COMPLAINT**

injury, for all of which it is without an adequate remedy at law.  Accordingly, Backgrid seeks a declaration that Defendants are infringing Backgrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

26.     The above-documented infringements alone would entitle Backgrid to a potential award of up to $150,000 per work in statutory damages for each of the 4 infringed photographs, in addition to its attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all Photographs of Backgrid;

2.     That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3.     For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement, removal, and for all damages suffered by it by reasons of Defendant's acts, under 17 U.S.C. § 504 (a)(1) & (b);

5.     For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6.     For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7.     For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505; and

**COMPLAINT**

8.     For any such other and further relief as the Court may deem just and appropriate.

Dated:  August 30, 2022                    **ONE LLP**

                                    By:     /s/ Joanna Ardalan
                                            Joanna Ardalan
                                            Peter R. Afrasiabi

                                            *Attorneys for Plaintiff,*
                                            Backgrid USA, Inc.

**COMPLAINT**

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Backgrid USA, Inc., hereby demands trial by jury of all issues so

3   triable under the law.

4

5   Dated: August 30, 2022                         **ONE LLP**

6

7                                            By:  /s/ Joanna Ardalan

8                                                 Joanna Ardalan
                                                  Peter R. Afrasiabi
9
                                                  *Attorneys for Plaintiff,*
10                                                Backgrid USA, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT**