Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
**NOLAN HEIMANN LLP**
16000 Ventura Blvd. Ste. 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail:   jsusman@nolanheimann.com
          marnold@nolanheimann.com

Matthew F. Abbott (*pro hac vice*)
**THE MCMILLAN FIRM**
240 West 35th Street, Suite 405
New York, NY 10001

Attorneys for Defendant
Source Digital, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BACKGRID USA, INC, <br><br> Plaintiff <br><br> vs. <br><br> SOURCE DIGITAL, INC., THE NORTHSTAR GROUP, INC. AND DOES 1-10, <br><br> Defendants. | Case No. 2:22-cv-6176- RGK-SK <br><br> **DEFENDANT SOURCE DIGITAL, INC.'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW** |

Pursuant to Local Rule 16-4, Defendant Source Digital, Inc. ("Defendant") submits the following Memorandum of Contentions of Fact and Law:

## I. THE PARTIES' CLAIMS AND DEFENSES (Local Rule 16-4.1)

### A. Summary Statement of Claims Plaintiff Plans to Pursue

Plaintiff alleges that Defendant has committed copyright infringement in violation of 17 U.S.C. § 101 et seq., by copying four photographs purportedly owned by Plaintiff: (i) a photograph of Ellen DeGeneres and Kevin Hart (the "Ellen/Hart Photo"); (ii) a photograph of Jay-Z (the "Jay-Z Photo"); (iii) a photograph of Saweetie (the "Saweetie Photo"); and (iv) a photograph of Kanye West and A$AP Rocky (the "Kanye/A$AP Photo") (collectively, the "Photographs"), and posting them on its website at www.thesource.com (the 'Source website") and/or on its Instagram and Twitter accounts.

### B. Elements Required to Establish Plaintiff's Copyright Infringement Claims

For Plaintiff's copyright infringement claim, Plaintiff has the burden of proving by a preponderance of the evidence that the Plaintiff is the owner of a valid copyright in each of the Photographs. *See* Ninth Circuit Manual of Model Jury Instructions – Civil Instruction No. 17.5 (hereafter, "Model Jury Instructions").

To establish ownership of the copyrights, the Plaintiff must prove by a preponderance of evidence that (1) Plaintiff's works are original; and (2) the Plaintiff created the works or received a transfer of the copyrights. Source: Model Jury Instructions – No. 17.6.

To establish infringement, Plaintiff also has the burden of proving by a preponderance of the evidence that the Defendant copied original expression from each copyrighted work. *See* Model Jury Instructions - No. 17.5

To establish Defendant's liability on a direct infringement theory, Plaintiff must show that Defendant was the cause of the infringement. *See Perfect 10, Inc. v.*

*Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) ("where it is clear that infringement has occurred, courts must determine 'who is close enough to the [infringing] event to be considered the most important cause'") (citation omitted)); *see also VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019) ("'[D]irect infringement requires 'active' involvement."). <u>Source</u>:  Model Jury Instructions - No. 17.5

If Plaintiff elects to seek statutory damages and seeks to establish that the alleged infringement was willful, Plaintiff must also prove, by a preponderance of the evidence, that: (1) Defendant engaged in acts that infringed the copyright; and (2) Defendant knew that those acts infringed the copyright, or the Defendant acted with reckless disregard for, or willful blindness to the copyright holder's rights. <u>Source</u>: Model Jury Instructions - No. 17.37.

### C. Brief Description of Key Evidence In Opposition to Plaintiff's Claims

In this case, Defendant's opposition to Plaintiff's claims is not just supported by key evidence but by the lack of key evidence.  It is Plaintiff's burden to prove that copying occurred but, for many of the alleged infringements, Plaintiff does not have website, Twitter, or Instagram screenshots showing the "copying."  In particular, Exhibit B to the Complaint displays an image of hip-hop artist Jay-Z wearing a hat and sweatshirt.  Plaintiff has failed to plausibly plead infringement of the Jay-Z Photograph and lacks evidence to establish Defendant's alleged infringement thereof.  In fact, the screenshot on which Plaintiff stakes its claim does not indicate that it was ever posted or displayed on the Source website or the Source's social media accounts. The lack of this documentary evidence is critical to Defendant's position, as the best evidence and hearsay rules prevent Plaintiff from demonstrating that copying occurred but for presenting a copy of the image itself.

Defendant will also present evidence in opposition to Plaintiff's claim that Defendant acted willfully or with malice. Specifically, Defendant will present evidence that it hires independent contractors to operate the Source website and Instagram account, and that Defendant itself does not approve, or even view, content before it is posted. Defendant will show that it generally informed the contributors that they could not post content to the website and Instagram account that contained unauthorized third-party content and that it distributed copyright policies and content guidelines. Defendant will also show that it provided contributors with access to authorized content and instructions for locating other authorized content that is made generally available to the public.

Finally, Defendant will present evidence that the allegedly infringing actions of its independent contractors were not authorized by Defendant. Defendant was unaware of the allegedly infringing use of the images until it was brought to Defendant's attention by Plaintiff, and had no reason to believe that such infringement had occurred.

### D. Summary of the Affirmative Defenses Defendant Plans To Pursue

Defendant intends to pursue the following affirmative defenses at trial, and also indicates below those pleaded affirmative defenses it does not intend to pursue:

- First Affirmative Defense (Failure To State A Claim): Plaintiff's Complaint fails to state a claim upon which relief can be granted to Plaintiff.
- Second Affirmative Defense (Statute of Limitations): Defendant does not intend to pursue this affirmative defense.
- Third Affirmative Defense (Lack of Valid Copyright Registrations/Failure to properly or Timely Register The Works At Issue): Plaintiff's copyright registrations for the Photographs are invalid or have not been timely registered, such that Plaintiff is precluded from some or all of the relief it is seeking.

- Fourth Affirmative Defense (Fair Use): To the extent the alleged infringement has occurred, which Defendant denies, the Complaint, and the claims for relief alleged therein, are barred, in whole or in part, because any such use was and is protected as "fair use" under 17 U.S.C. § 107.

- Fifth Affirmative Defense (Equitable Estoppel): Defendant does not intend to pursue this affirmative defense.

- Sixth Affirmative Defense (Waiver/Consent/Acquiescence): Defendant does not intend to pursue this affirmative defense.

- Seventh Affirmative Defense (Forfeiture/Abandonment): Defendant does not intend to pursue this affirmative defense.

- Eighth Affirmative Defense (Unclean Hands): Defendant does not intend to pursue this affirmative defense.

- Ninth Affirmative Defense (Innocent Intent): To the extent the alleged infringement has occurred, which Defendant denies, Defendant acted at all times with innocent intent.

- Tenth Affirmative Defense (Invalid or Unenforceable Copyrights): Plaintiff's copyrights in the Photographs are invalid or otherwise unenforceable such that Plaintiff is precluded from receiving some or all of the relief that it is seeking.

- Eleventh Affirmative Defense (Absence of Injury or Damage): To the extent the alleged infringement has occurred, which Defendant denies, Plaintiff has not suffered injury or damage.

- Twelfth Affirmative Defense (Failure to Mitigate Damages): Defendant does not intend to pursue this affirmative defense.

- Thirteenth Affirmative Defense (Copyright Misuse): Defendant does not intend to pursue this affirmative defense.

- <u>Fourteenth Affirmative Defense (Implied License)</u>: Defendant does not intend to pursue this affirmative defense.
- <u>Fifteenth Affirmative Defense (Good Faith/Lack of Intent to Knowingly, Intentionally, Willfully or Maliciously Violate Any Laws)</u>: To the extent the alleged infringement has occurred, which Defendant denies, Defendant acted at all times in good faith, and without any intent to knowingly, willfully or maliciously violate the copyright laws.
- <u>Sixteenth Affirmative Defense (No Volitional Act)</u>: To the extent the alleged infringement has occurred, which Defendant denies, it was not through a volitional act of Defendant.
- <u>Seventeenth Affirmative Defense (Infringing parties did not act as Plaintiff's agent or otherwise lacked authority to bind Defendant)</u>: To the extent the alleged infringement has occurred, which Defendant denies, such infringement was not authorized by Defendant nor is Defendant liable for the acts of its independent contractors.

### E.   Elements Required To Establish Defendant's Affirmative Defenses

**1.   Elements of First Affirmative Defense (Failure To State A Claim For Relief):**

This defense does not have specific elements of its own, but rather turns on the failure of Plaintiff's Complaint to sufficiently plead the elements of its own claims, which are outlined above.  *See also* Fed. R. Civ. P. 12(h)(2)(C).

**2.   Elements of Third Affirmative Defense (Lack of Valid Copyright Registrations/Failure to properly or Timely Register The Works At Issue):**

This defense does not have specific elements of its own, but rather turns on the failure of Plaintiff to establish the validity of its copyright registrations and/or failure to timely register its works.

**3.     Elements of Fourth Affirmative Defense (Fair Use):**

In determining whether the use made of the work was fair, the jury should consider the following factors:

1. the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4. the effect of the use upon the potential market for or value of the copyrighted work.

If the jury finds that Defendant proved by a preponderance of the evidence that Defendant made a fair use of Plaintiff's works, the jury's verdict should be for Defendant. Source:  Model Jury Instruction – No. 17.22

**4.     Elements of Ninth Affirmative Defense (Innocent Intent):**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1.     the defendant was not aware that its acts constituted infringement of the copyright; and

2.     the defendant had no reason to believe that its acts constituted an infringement of the copyright.

Source: Model Jury Instruction – No. 17.36.

**5.     Elements of Tenth Affirmative Defense (Invalid or Unenforceable Copyrights):**

This defense does not have specific elements of its own, but rather turns on the failure of Plaintiff to establish the validity of its copyright registrations and/or the enforceability of the copyrights in is works.

**6.  Elements of Eleventh Affirmative Defense (Absence of Injury or Damage):**

This defense does not have specific elements of its own, but rather turns on the failure of Plaintiff to establish the harm or injury allegedly suffered from Defendant's acts.

**7.  Elements of Fifteenth Affirmative Defense (Good Faith/Lack of Intent to Knowingly, Intentionally, Willfully or Maliciously Violate Any Laws):**

This defense does not have specific elements of its own, but rather turns on the failure of Plaintiff to establish that Defendant acted willfully in infringing Plaintiff's copyrights.

**8.  Elements of Sixteenth Affirmative Defense (No Volitional Act)**

This defense does not have specific elements of its own, but rather turns on the failure of Plaintiff to establish that the alleged infringement was due to a volitional act of Defendant.

**9.  Elements of Seventeenth Affirmative Defense (Infringing parties did not act as Plaintiff's agent or otherwise lacked authority to bind Defendant):**

This defense does not have specific elements of its own, but rather turns on the failure of Plaintiff to establish that Defendant's independent contractors were agents of Defendant and acted within the scope of authority granted to them by Defendant when they committed the alleged infringement.

**F.  Brief Description of Key Evidence In Support of Defendant's Affirmative Defenses**

**1.  Evidence in Support of First Affirmative Defense (Failure To State A Claim For Relief):**

The evidence in support of this affirmative defense is largely the same as the evidence in opposition to Plaintiff's claim for copyright infringement.

2. **Evidence in Support of Third Affirmative Defense (Lack of Valid Copyright Registrations/Failure to properly or Timely Register The Works At Issue):**

The evidence consists of information contained in Plaintiff's copyright applications, copyright registrations and/or copyright deposit materials.

3. **Evidence in Support of Fourth Affirmative Defense (Fair Use):**

Defendant will present evidence that the purpose of Defendant's Instagram posts containing the Photographs was not to report news or to generate website traffic, but instead to capture and share culturally significant information with the community surrounding the Source, to celebrate the cultural significance of the subjects of the Photographs, and invite viewers to engage and provide commentary on those subjects. Defendant will present evidence that it did not receive any revenue from the Instagram posts, nor did the posts link or refer back to the Source website. Defendant will present evidence that its posts have not harmed the existing or future market for the Photographs because its publications occurred days after the Photographs were first published by other media outlets.

4. **Evidence in Support of Ninth Affirmative Defense (Innocent Intent):**

The evidence in support of this affirmative defense is largely the same as the evidence in opposition to Plaintiff's claim for copyright infringement.

5. **Evidence in Support of Tenth Affirmative Defense (Invalid or Unenforceable Copyrights):**

The evidence in support of this affirmative defense is largely the same as the evidence in opposition to Plaintiff's claim for copyright infringement and in support of Defendant's Third Affirmative Defense.

6. **Evidence in Support of Eleventh Affirmative Defense (Absence of Injury or Damage):**

The evidence in support of this affirmative defense is largely the same as the evidence in opposition to Plaintiff's claim for copyright infringement and the evidence in support of Defendant's Fourth Affirmative Defense.

**7.    Evidence in Support of Fifteenth Affirmative Defense (Good Faith/Lack of Intent to Knowingly, Intentionally, Willfully or Maliciously Violate Any Laws):**

The evidence in support of this affirmative defense is largely the same as the evidence in opposition to Plaintiff's claim for copyright infringement.

**8.    Evidence in Support of Sixteenth Affirmative Defense (No Volitional Act)**

The evidence in support of this affirmative defense is largely the same as the evidence in opposition to Plaintiff's claim for copyright infringement.

**9.    Evidence in Support of Seventeenth Affirmative Defense (Infringing parties did not act as Plaintiff's agent or otherwise lacked authority to bind Defendant):**

The evidence in support of this affirmative defense is largely the same as the evidence in opposition to Plaintiff's claim for copyright infringement.

### G.    Anticipated Evidentiary Issues

Defendant anticipates that Plaintiff will dispute the relief Defendant seeks in the Motion In Limine filed concurrently with this Memorandum.  It is likely that Defendant will dispute portions of the Motion in Limine to be filed by Plaintiff, which Defendant has not yet reviewed.

### H.    Issues of Law

Defendant anticipates a dispute over its First Affirmative Defense (Failure To State A Claim), and anticipates additional disputes to arise concerning the jury instructions.

## II.    BIFURCATION OF ISSUES (Local Rule 16-4.3)

Defendant requests bifurcation as to liability and any damages calculation.

III. **JURY TRIAL (Local Rule 16-4.5)**

    A. **Issues Triable By The Jury**

Plaintiff's claim for copyright infringement is triable to a jury, and Plaintiff timely demanded a jury trial. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 342 (1998).

Defendant's Third Affirmative Defense (Lack of Valid Copyright Registrations/Failure to properly or Timely Register The Works At Issue), Fourth Affirmative Defense (Fair Use), Ninth Affirmative Defense (Innocent Intent), Tenth Affirmative Defense (Invalid or Unenforceable Copyrights), Eleventh Affirmative Defense (Absence of Injury or Damage), Fifteenth Affirmative Defense (Good Faith/Lack of Intent to Knowingly, Intentionally, Willfully or Maliciously Violate Any Laws), Sixteenth Affirmative Defense (No Volitional Act), and Seventeenth Affirmative Defense (Infringing parties did not act as Plaintiff's agent or otherwise lacked authority to bind Defendant) are triable to a jury, and Defendant timely demanded a jury trial.

    B. **Issues Triable By The Court**

Defendant's First Affirmative Defense (Failure to State A Claim) is a matter of law and triable by the Court.

IV. **ATTORNEY'S FEES (Local Rule 16-4.5)**

The Copyright Act authorizes an award of attorney's fees to the prevailing party. 17 U.S.C. § 505. "[A]ttorney's fees are to be awarded to the prevailing parties only as a matter of the court's discretion," and "[p]revailing plaintiffs and prevailing defendants are to be treated alike." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). The non-exclusive factors considered by courts in the Ninth Circuit include: "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) reasonableness of losing party's legal and factual arguments, and (5) the need to advance considerations of compensation and deterrence." *Shame On You*

*Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). In the event that Defendant is determined to be the prevailing party, based on the adjudication of the claims and defenses discussed herein, Defendant may be entitled to an award of attorney's fees.

## V. ABANDONMENT OF ISSUES (LOCAL RULE 16-4.6)

As indicated in Section I.D., Defendant does not intend to pursue certain of its pleaded affirmative defenses.

Dated: January 16, 2024                          **NOLAN HEIMANN LLP**

By: /s/ Jordan Susman
        Jordan Susman

Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
**NOLAN HEIMANN LLP**
16000 Ventura Blvd., Ste. 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail: jsusman@nolanheimann.com
marnold@nolanheimann.com

Matthew Abbott
**THE MCMILLAN FIRM**
240 West 35th St., Suite 405
New York, NY 10001
Telephone: (646)
Email: matthew@thenorthstargroup.biz

Attorneys for Defendant,
SOURCE DIGITAL, INC.

# PROOF OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, California. My business address is 16000 Ventura Blvd., Ste. 1200, Encino, CA 91436.

On January 16, 2024, I served true copies of the following document(s) described as: **DEFENDANT SOURCE DIGITAL, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

BY COURT'S CM/ECF SYSTEM: Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

| Peter R. Afrasiabi<br>OneLLP<br>pafrasiabi@onellp.com | Joanna Ardalan<br>OneLLP<br>jardalan@onellp.com |
|---|---|

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 16, 2024, at Marina Del Rey, California

By: s/ Margo Arnold