| | |
|---|---|
| Joanna Ardalan (Bar No. 285384)<br>jardalan@onellp.com<br>Peter R. Afrasiabi (Bar No. 193336)<br>pafrasiabi@onellp.com<br>**ONE LLP**<br>23 Corporate Plaza, Suite 150-105<br>Newport Beach, CA 92660<br>Telephone: (949) 502-2870<br>Facsimile: (949) 258-5081<br><br>*Attorneys for Plaintiff,*<br>Backgrid USA, Inc. | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOURCE DIGITAL, INC., a New York corporation; THE NORTHSTAR GROUP, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>　　　　　Defendant. | Case No. 2:22-cv-06176 HDV (SKx)<br><br>**PLAINTIFF BACKGRID USA, INC.'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT CHARACTERIZING BACKGRID AS A COPYRIGHT TROLL OR REFERRING TO OTHER COPYRIGHT ENFORCEMENT ACTIONS BACKGRID HAS BROUGHT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Final Pretrial Conference**<br>Date: February 13, 2024<br>Time: 10:00 a.m.<br>Crtrm: 5B<br><br>**Trial Date**<br>Date: March 5, 2024<br>Time: 9:00 a.m.<br>Crtrm: 5B |

**BACKGRID'S MOTION IN LIMINE NO. 1**

# NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that at the hearing scheduled for February 6, 2024 at 10:00 a.m., or as soon thereafter as this matter can be heard before the Honorable Hernán D. Vera, Courtroom 5B, U.S. District Court, Central District of California, 350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Backgrid USA, Inc. ("Plaintiff") will, and hereby does, move this Court for an order *in limine* precluding Defendants Source Digital, Inc. and the Northstar Group, Inc. ("Defendants") from introducing evidence or argument characterizing Plaintiff, in sum or substance, as a copyright troll or suggesting that Plaintiff is a frequent copyright litigant as set forth in the supporting Memorandum of Points and Authorities.

This Motion is made pursuant to the Federal Rules of Evidence; the Local Rules; the Court's Order for Jury Trial (Dkt. 31); and the Court's inherent authority.

This Motion is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the supporting Declaration of Joanna Ardalan and the exhibits thereto; the pleadings, records and papers in this action; all matters of which the Court may take judicial notice; and such other and further evidence as may be presented at or before the hearing on this Motion.

Dated: January 16, 2024

ONE LLP

By: /s/ Joanna Ardalan
Joanna Ardalan

**BACKGRID'S MOTION IN LIMINE NO. 1**

# MEMORANDUM OF POINTS AND AUTHORITIES

Before the voir dire examination of the jury panel, Plaintiff Backgrid USA, Inc. ("Plaintiff") makes this motion *in limine* to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues of this case. If Defendants Source Digital, Inc. and the Northstar Group, Inc. ("Defendants") interject these matters into the trial of this case through a party, an attorney, or any witness, they will cause irreparable harm to Plaintiff's case, which no jury instruction would cure. In an effort to avoid prejudice and a possible mistrial, Plaintiff moves the Court for an order preventing Defendants and their counsel from mentioning, referring to, attempting to offer into evidence, or conveying to the jury in any manner, either directly or indirectly the notion that Plaintiff is a "copyright troll" or has frequently brought copyright claims.

# ARGUMENT

## I.     Legal Standards

Motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Cantu v. United States*, 2015 U.S. Dist. LEXIS 191395, at *4 (C.D. Cal. (Apr. 6, 2015) (citations omitted); *see also* BLACK'S LAW DICTIONARY at 1109 (11th ed. 2019) (A motion *in limine* is "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard.").

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Even if evidence is relevant, evidence may be

excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403.

## II. EVIDENCE OR ARGUMENT THAT PLAINTIFF IS A "COPYRIGHT TROLL" OR FREQUENTLY BRINGS COPYRIGHT INFRINGEMENT CLAIMS WOULD BE IRRELEVANT AND PREJUDICIAL

Defendants should be prohibited from attempting to prove or argue that Plaintiff is, in sum or substance, a "copyright troll" or that Plaintiff frequently brings copyright infringement actions to protect its rights and those of its photographers whose livelihood depends on Plaintiff's ability to collect payment for the use of the photographs they take.

The issue for determination by the jury is whether Defendants infringed the photographs at issue in this litigation. Evidence or argument suggesting that Plaintiff is a copyright troll or a frequent copyright litigant would be irrelevant to deciding whether the copyrights at issue in this action have been infringed. Such evidence would be irrelevant and inadmissible pursuant to Fed. R. Evid. 402. And even if such evidence or argument might somehow be deemed to provide a scintilla of relevant evidence, its probative value would be outweighed by the danger of unfair prejudice, confusion of issues, and misleading the jury. Its admission would therefore be prohibited pursuant to Fed. R. Evid. 402.

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant this motion *in limine* and preclude Defendants from introducing evidence or argument characterizing Plaintiff, in sum or substance, as a copyright troll or suggesting that Plaintiff is a frequent copyright litigant.

| | | |
|---|---|---|
| 1 | Dated: January 16, 2024 | **ONE LLP** |
| 2 | | By: */s/ Joanna Ardalan* |
| 3 | | Joanna Ardalan |
| 4 | | Peter R. Afrasiabi |
| 5 | | *Attorneys for Plaintiff,* |
| 6 | | Backgrid USA, Inc. |