Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>      v.<br><br>SOURCE DIGITAL, INC., a New York corporation; THE NORTHSTAR GROUP, INC., a New York corporation; and DOES 1-10, inclusive,<br><br>                    Defendant. | Case No. 2:22-cv-06176 HDV (SKx)<br><br>**PLAINTIFF BACKGRID USA, INC.'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT DEFENDANTS MADE "FAIR USE" OF PLAINTIFF'S COPYRIGHTED WORKS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Final Pretrial Conference**<br>Date: February 13, 2024<br>Time: 10:00 a.m.<br>Crtrm: 5B<br><br>**Trial Date**<br>Date: March 5, 2024<br>Time: 9:00 a.m.<br>Crtrm: 5B |

1

**BACKGRID'S MOTION IN LIMINE NO. 2**

1

## NOTICE OF MOTION AND MOTION

2

3   PLEASE TAKE NOTICE that at the hearing scheduled for February 6, 2024

4   at 10:00 a.m., or as soon thereafter as this matter can be heard before the Honorable

5   Hernán D. Vera, Courtroom 5B, U.S. District Court, Central District of California,

6   350 W. 1st Street, Los Angeles, CA 90012, Plaintiff Backgrid USA, Inc.

7   ("Plaintiff") will, and hereby does, move this Court for an order *in limine* precluding

8   Defendants Source Digital, Inc. and the Northstar Group, Inc. ("Defendants") from

9   introducing evidence or argument that they made "fair use" of the copyrights at

10   issue as set forth in the supporting Memorandum of Points and Authorities.

11   This Motion is made pursuant to the Federal Rules of Evidence; the Local

12   Rules; the Court's Order for Jury Trial (Dkt. 31); and the Court's inherent authority.

This Motion is based upon this Notice of Motion and Motion; the supporting

13   Memorandum of Points and Authorities; the pleadings, records and papers in this

14   action; all matters of which the Court may take judicial notice; and such other and

15   further evidence as may be presented at or before the hearing on this Motion.

16

17   Dated: January 16, 2024                **ONE LLP**

18

19                                    By: /s/ Joanna Ardalan
                                        Joanna Ardalan

20

21

22

23

24

25

26

27

28

2

**BACKGRID'S MOTION IN LIMINE NO. 2**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Before the voir dire examination of the jury panel, Plaintiff Backgrid USA, Inc. ("Plaintiff") makes this motion *in limine* to exclude matters that are inadmissible, irrelevant, or prejudicial to the material issues of this case. If Defendants Source Digital, Inc. and the Northstar Group, Inc. ("Defendants") interject these matters into the trial of this case through a party, an attorney, or any witness, they will cause irreparable harm to Plaintiff's case, which no jury instruction would cure. In an effort to avoid prejudice and a possible mistrial, Plaintiff moves the Court for an order preventing Defendants and their counsel from mentioning, referring to, attempting to offer into evidence, or conveying to the jury in any manner, either directly or indirectly, the notion that Defendants made fair use of Plaintiff's copyrighted photographs, thereby excusing their acts of infringement.

**ARGUMENT**

I.     **Legal Standards**

Motions *in limine* "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Cantu v. United States*, 2015 U.S. Dist. LEXIS 191395, at *4 (C.D. Cal. (Apr. 6, 2015) (citations omitted); *see also* BLACK'S LAW DICTIONARY at 1109 (11th ed. 2019) (A motion *in limine* is "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard.").

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and if "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. Even if evidence is relevant, evidence may be

3

1  excluded if its probative value is substantially outweighed by the danger of unfair

2  prejudice, confusing the issues, or misleading the jury. *See* Fed. R. Evid. 403.

3  **II.    DEFENDANTS DID NOT MAKE FAIR USE OF PLAINTIFF'S**

4  **COPYRIGHTED PHOTOGRAPHS**

5  **A. <u>Proving Copyright Infringement</u>**

6  Copyright infringement can be proven by showing direct evidence of copying,

7  or absent such proof, a plaintiff can show that the defendant had access to the work

8  and that the two works are "substantially similar." *Three Boys Music Corp. v.*

9  *Bolton,* 212 F.3d 477, 481 (9th Cir. 2000); 17 U.S.C. § 106.  But when a plaintiff

10  makes that showing, a defendant may attempt to assert that its use of the work at

11  issue was a "fair use" within the meaning of 17 U.S.C. thus § 107, thus excusing the

12  infringement.

13  **B. <u>The Fair Use Defense</u>**

14  Courts consider the following four factors in the "fair use" analysis: (1) the

15  purpose and character of the use, including whether such use is of a commercial

16  nature or is for nonprofit educational purposes; (2) the nature of the copyrighted

17  work; (3) the amount and substantiality of the portion used in relation to the

18  copyrighted work as a whole; and (4) the effect of the use upon the potential market

19  for or value of the copyrighted work. 17 U.S.C. § 107; *Monge v. Maya Magazines,*

20  *Inc.*, 688 F.3d 1164, 1171. When material facts are not in dispute, courts may

21  appropriately decide the fair use inquiry on summary judgment. *Mattel, Inc. v.*

22  *Walking Mountain Prods.*, 353 F.3d 792, 800 (9th Cir. 2003).

23  In *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith,* 598 U.S.

24  508, 143 S. Ct. 1258, 215 L. Ed. 2d 473 (2023), the Supreme Court held that fair use

25  is an "objective inquiry" into how an original work is used by an alleged infringer

26  and not "an inquiry into the subjective intent of the user, or into the meaning or

27  impression that an art critic or judge draws from a work." 143 S. Ct. 1258 at 1264.

28  At issue was whether a derivative work Andy Warhol made from a photograph of

**BACKGRID'S MOTION IN LIMINE NO. 2**

1   the musician Prince taken by Lynn Goldsmith ran afoul of the first fair use factor.

2   The Court concluded that the mere fact that a use is "transformative" because it adds

3   a message or meaning is not dispositive of the first factor.  Rather, the key question

4   is not whether there is a new meaning or message being conveyed but the degree of

5   transformation and the differences between the plaintiff's and the defendant's works.

6   *Id.* at 1275.

7   **1.      The Purpose and Character of the Use**

8        "The enquiry [for this factor] may be guided by the examples given in the

9   preamble to § 107, looking to whether the use is for criticism, or comment, or news

10  reporting, and the like, see § 107." *Campbell v. Acuff-Rose Music, Inc.,* 510 U.S.

11  569, 578-79 (1994). As explained by the Supreme Court, "[t]he central purpose of

12  this investigation is to see [] whether the new work merely "supersede[s] the

13  objects" of the original creation, [] or instead adds something new, with a further

14  purpose or different character, altering the first with new expression, meaning, or

15  message; it asks, in other words, whether and to what extent the new work is

16  'transformative.'" *Id.* There is nothing about the purpose and character of

17  Defendants' use of Plaintiff's copyrighted works that makes such use

18  transformative. *See*  Complaint, Exhibit B; Ex. 1.

19  **2.      The Nature of the Copyrighted Work**

20       "This factor calls for recognition that some works are closer to the core of

21  intended copyright protection than others, with the consequence that fair use is more

22  difficult to establish when the former works are copied." *Campbell*, 510 U.S. at 586.

23  This factor is usually less helpful in determining fair use. *Id.*  Still, photographs are

24  creative works that require the author to decide the angle, the timing to shoot the

25  photograph, the type of camera, the lens, the aperture and the depth of field, the

26  speed of the shutter, the exposure, and whether to use flash or not, among other

27  factors.

28

**BACKGRID'S MOTION IN LIMINE NO. 2**

1    **3.     The Amount and Substantiality of the Portion of the Works**

2         The amount and substantiality of the portion of use factor weighs against a

3    finding of fair use because the undisputed evidence shows that Defendants copied

4    the copyrighted photographs at issue in full.

5    **4.     The Effect of the Use on the Potential Market**

6         Defendants' infringements of Plaintiff's photographs diminished the licensing

7    value of the photographs and gave potential consumers access to them.  The effect

8    of the use on the potential market therefore weighs against a finding of fair use by

9    Defendants.

10   **C. <u>The Fair Use Defense Is Inapplicable Here</u>**

11        None of the factors identified above favors a finding of fair use. Defendants

12   misappropriated Plaintiff's photographs simply for commercial gain without using

13   them for criticism, comment, news reporting, or the like.  Defendants did not alter

14   the photographs "with new expression, meaning, or message."  Instead, their use of

15   the photographs merely superseded the objects of the original photographs.

16   Accordingly, the fair use defense is not applicable here.

17                              **CONCLUSION**

18        Based on the foregoing, Plaintiff respectfully requests that the Court

19   grant this motion *in limine* and preclude Defendants from introducing evidence or

20   argument characterizing their use of Plaintiff's copyrighted photographs as a "fair

21   use."

22

23   Dated:  January 16, 2024                    **ONE LLP**

24

25                                   By: *<u>/s/ Joanna Ardalan</u>*
                                     Joanna Ardalan
26                                   Peter R. Afrasiabi

27                                   *Attorneys for Plaintiff,*
28                                   Backgrid USA, Inc.

**BACKGRID'S MOTION IN LIMINE NO. 2**