Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
**NOLAN HEIMANN LLP**
16000 Ventura Blvd. Ste. 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail:    jsusman@nolanheimann.com
             marnold@nolanheimann.com

Matthew F. Abbott (*pro hac vice*)
**THE MCMILLAN FIRM**
240 West 35th Street, Suite 405
New York, NY 10001

Attorneys for Defendant
Source Digital, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC, <br><br> Plaintiff <br><br> vs. <br><br> SOURCE DIGITAL, INC., THE NORTHSTAR GROUP, INC. AND DOES 1-10, <br><br> Defendants. | Case No. 2:22-cv-6176- RGK-SK <br><br> **DEFENDANT SOURCE DIGITAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT CHARACTERIZING BACKGRID AS A COPYRIGHT TROLL OR REFERRING TO OTHER COPYRIGHT ENFORCEMENT ACTIONS BACKGRID HAS BROUGHT** <br><br> Final Pretrial Conf.: Feb. 13, 2024 |

Defendant Source Digital, Inc. ("SDI") files this response to Motion In Limine No. 1 filed by Backgrid USA, Inc. ("Plaintiff") (D.E. 50).

## INTRODUCTION

In the past five years, Plaintiff has filed more than 70 copyright infringement lawsuits in multiple jurisdictions.  Plaintiff seeks to exclude evidence or argument characterizing it as a "copyright troll" and/or referring to other copyright enforcement actions it has brought on the basis that such evidence is irrelevant to a determination of whether copyright infringement has occurred.  As an initial matter, Defendant does not intend to argue or refer to Plaintiff as a "copyright troll." However, evidence and argument concerning Plaintiff's copyright enforcement practices and conduct are relevant to the determination of statutory damages, particularly as to the harm suffered by Plaintiff, and as to whether Plaintiff has conducted its enforcement efforts to redress its infringement harm, or to create a new revenue stream.  This evidence should be allowed for this reason, and the motion denied.

**I.     The Parties' Conduct is Considered In the Determination of Statutory Damages**

There is wide discretion in determining the amount of statutory damages, constrained only by the specified statutory maximum and minimum. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 992 (9th Cir. 2009); *L.A. News Serv. v. Reuters Television Int'l*, 149 F.3d 987, 996 (9th Cir. 1998); *Harris v. Emus*

*Records Corp.*, 734 F.2d 1329, 1335 (9th Cir. 1984) (noting that trier of fact must be guided by "what is just in the particular case, considering the nature of the copyright, the circumstances of the infringement and the like," restrained only by qualification that amount be within prescribed maximum or minimum).

In accordance with this wide discretion, the factors to be considered in determining statutory damages include: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties. *Patagonia, Inc. v. McHugh*, 2020 WL 4258818, at *7 (C.D. Cal. Apr. 21, 2020) (citing *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010); *P & P Imports LLC v. Outugo Inc.*, 2019 WL 4390576, at *6 (C.D. Cal. June 7, 2019).

## II. Plaintiff's Conduct Is Relevant to a Determination of Statutory Damages

Here, Plaintiff's enforcement conduct is relevant to the determination of statutory damages. A number of courts have determined that a Plaintiff's conduct must be considered in determining a statutory damages award where a plaintiff "seek[s] copyright infringement damages not to be made whole, but rather as a primary or secondary revenue stream and [who] files mass lawsuits . . . with the hopes of coercing settlements." *Oppenheimer v. Williams*, 2021 WL 4086197, at *3 (D.S.C. Sept. 8, 2021) (quoting *Malibu Media, LLC v. [Redacted]*, 2017 WL

633315, at *3 (D. Md. Feb. 15, 2017); *see also ME2 Prods., Inc. v. Ahmed*, 289 F. Supp. 3d 760, 764 (W.D. Va. 2018).

Defendant should be permitted to elicit evidence and raise arguments regarding Plaintiff's enforcement activities, including how they are executed and for what purpose they are carried out. Such information is relevant to statutory damages and goes directly to the issue of whether Plaintiff's enforcement activities are undertaken to redress harm from infringement, or to create an additional revenue stream for the company. In this instance, Plaintiff was not harmed by Defendant's use of the Photographs at issue or even aware of their use until it was brought to Plaintiff's attention by a third-party entity who is engaged by Plaintiff to scour the internet looking for infringements.

## **CONCLUSION**

For the foregoing reasons, SDI respectfully requests that Plaintiff's Motion in Limine No. 1 be denied.

Dated: January 30, 2024         **NOLAN HEIMANN LLP**

                                By:  /s/ Jordan Susman
                                        Jordan Susman

                                Jordan Susman, Esq. (SBN 246116)
                                Margo Arnold, Esq. (SBN 278288)
                                **NOLAN HEIMANN LLP**
                                16000 Ventura Blvd., Ste. 1200
                                Encino, California 91436
                                Telephone: (818) 574-5710
                                E-mail: jsusman@nolanheimann.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

marnold@nolanheimann.com

Matthew Abbott
**THE MCMILLAN FIRM**
240 West 35th St., Suite 405
New York, NY 10001
Telephone: (646)
Email: matthew@thenorthstargroup.biz

Attorneys for Defendant,
SOURCE DIGITAL, INC.

# PROOF OF SERVICE

I am over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, California. My business address is 16000 Ventura Blvd., #1200, Encino, CA 91436.

On January 30, 2024, I served true copies of the following document(s) described as: **DEFENDANT SOURCE DIGITAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE OR ARGUMENT CHARACTERIZING BACKGRID AS A COPYRIGHT TROLL OR REFERRING TO OTHER COPYRIGHT ENFORCEMENT ACTIONS BACKGRID HAS BROUGHT** on the interested parties in this action as follows:

BY COURT'S CM/ECF SYSTEM: Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

| | |
|---|---|
| Peter R. Afrasiabi<br>OneLLP<br>pafrasiabi@onellp.com | Joanna Ardalan<br>OneLLP<br>jardalan@onellp.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2024, at Marina Del Rey, California

By: /s/ Margo Arnold