Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
**NOLAN HEIMANN LLP**
16000 Ventura Blvd. Ste. 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail:    jsusman@nolanheimann.com
              marnold@nolanheimann.com

Matthew F. Abbott (*pro hac vice*)
**THE MCMILLAN FIRM**
240 West 35th Street, Suite 405
New York, NY 10001

Attorneys for Defendant
Source Digital, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

BACKGRID USA, INC,

          Plaintiff

     vs.

SOURCE DIGITAL, INC., THE
NORTHSTAR GROUP, INC. AND
DOES 1-10,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  2:22-cv-6176- RGK-SK

**DEFENDANT SOURCE DIGITAL,
INC.'S OPPOSITION TO
PLAINTIFF'S MOTION IN
LIMINE NO. 2 TO EXCLUDE
EVIDENCE OR ARGUMENT
THAT DEFENDANT MADE
"FAIR USE" OF PLAINTIFF'S
COPYRIGHTED WORKS**

Final Pretrial Conf.: Feb. 13, 2024

Defendant Source Digital, Inc. ("SDI") files this response to Motion In

Limine No. 2 filed by Backgrid USA, Inc. ("Plaintiff") (D.E. 50).

## INTRODUCTION

Plaintiff declined to bring any dispositive motions during the time permitted

under this Court's Order Setting Pretrial and Trial Schedule (D.E. 39).  Plaintiff has

now brought an untimely dispositive motion, masquerading as a motion in limine, which effectively seeks a dispositive ruling on SDI's fair use defense.   It is well-established in this Circuit that "a motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim," *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015), and Plaintiff's motion should be denied.

SDI timely pled fair use as an affirmative defense in its Answer (D.E 23), which was set forth in SDI's recently submitted Memorandum of Contentions of Fact And Law.   SDI is entitled to present its fair use defense to the jury (*see* Ninth Circuit Model Jury Instructions, Civil Instruction No. 17.22).  A dispositive motion is one that, if granted, "would result either in the determination of a particular claim on the merits or elimination of such a claim from the case." *BT Collective v. IP Holdings, LLC*, 2011 WL 5873388, at *4 (S.D. Cal. Nov. 23, 2011) (quoting *Burkhart v. Washington Metro. Area Transit Auth.,* 112 F.3d 1207, 1215 (D.C. Cir. 1997)).

I.  **Plaintiff's Motion In Limine Is A Dispositive Motion**

Plaintiff's Motion in Limine No. 2 "moves the Court for an order preventing Defendants and their counsel from mentioning, referring to, attempting to offer into evidence, or conveying to the jury in any manner, either directly or indirectly, the notion that Defendants made fair use of Plaintiff's copyrighted photographs, thereby excusing their acts of infringement."   (D.E. 50 at 3).  Plaintiff thereafter argues that

SDI has not satisfied the fair use factors under 17 U.S.C. § 107.  As Plaintiff's

motion seeks a determination of SDI's fair use defense and elimination of that

defense from the case, it is therefore a dispositive motion. *Burkhart,* 112 F.3d at

1215.

## II.  **Plaintiff's Dispositive Motion Is Untimely**

On July 25, 2023, this Court issued its Order Setting Pretrial and Trial

Schedule (D.E. 39), following receipt of the parties' request for a continuance of the

schedule.  As part of that schedule, the deadline for "Last Date to **Hear** Motions"

(emphasis same) was set for November 28, 2023.  Accordingly, the parties'

dispositive motions were due to be filed prior to that date, in accordance with the

requirements of the Local Rules.  Plaintiff did not file any dispositive motion on or

prior to that date.  Plaintiff's current dispositive motion, brought more than six

weeks following the deadline for dispositive motions to be heard, is untimely and in

violation of the Court's July 25, 2023, Order.

## III. **Untimely Dispositive Motions Brought As Motions In Limine Must Be Denied**

Applicable precedent mandates that Plaintiff's Motion in Limine must be

denied. "A motion in limine is a procedural mechanism to limit in advance

testimony or evidence in a particular area." *United States v. Heller,* 551 F.3d 1108,

1111 (9th Cir. 2009).  "A motion in limine is not the proper vehicle for seeking a

dispositive ruling on a claim, particularly after the deadline for filing such motions

has passed." *Hana Fin., Inc.*, 735 F.3d at 1162.  Moreover, "[a] motion in limine is not a proper vehicle by which to seek summary judgment on all or a portion of a claim." *Bakst v. Cmty. Mem'l Health Sys., Inc.*, 2011 WL 13214315, at *3 (C.D. Cal. Mar. 7, 2011).  Where a party has not sought summary judgment on an issue, it "cannot use [a] pretrial motion as a "stealth summary judgment motion with none of the procedural protections of Rule 56." *Rivera v. Ford Motor Co.*, 2020 WL 4001914, at *4 (C.D. Cal. Mar. 12, 2020).

### IV.    Plaintiff's Motion Provides No Basis To Grant Either A Motion in Limine or a Dispositive Motion

Aside from some boilerplate language reciting the Federal Rules of Evidence, Plaintiff provides no argument or authority to demonstrate why this evidence should be excluded under the applicable legal standards and provides the Court no basis to grant a motion to exclude evidence.

Nor is Plaintiff's Motion in Limine No. 2 sufficient as a dispositive motion. It merely states legal conclusions and makes several unsupported assertions of fact. (D.E. 50 at 5-6).  As a result, it lacks even the most basic procedural protections and requirements of a Rule 56 Motion and should be denied for this additional reason. *See Rivera*, 2020 WL 4001914, at *4.

1

## <u>CONCLUSION</u>

2

For the foregoing reasons, SDI respectfully requests that Plaintiff's Motion in

3

Limine No. 2 be denied.

4

5

6

7

8

9

Dated: January 30, 2024                    **NOLAN HEIMANN LLP**

10

11

By:   /s/ Jordan Susman

Jordan Susman

12

13

Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)

14

**NOLAN HEIMANN LLP**
16000 Ventura Blvd., Ste. 1200

15

Encino, California 91436

16

Telephone: (818) 574-5710

17

E-mail:jsusman@nolanheimann.com
marnold@nolanheimann.com

18

Matthew Abbott

19

**THE MCMILLAN FIRM**
240 West 35th St., Suite 405

20

New York, NY 10001
Telephone: (646)

21

Email:

22

matthew@thenorthstargroup.biz

23

Attorneys for Defendant,

24

SOURCE DIGITAL, INC.

25

26

27

28

## <u>PROOF OF SERVICE</u>

I am over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, California.  My business address is 16000 Ventura Blvd., #1200, Encino, CA 91436.

On January 30, 2024, I served true copies of the following document(s) described as: **DEFENDANT SOURCE DIGITAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OR ARGUMENT THAT DEFENDANT MADE "FAIR USE" OF PLAINTIFF'S COPYRIGHTED WORKS** on the interested parties in this action as follows:

BY COURT'S CM/ECF SYSTEM: Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

| | |
|---|---|
| Peter R. Afrasiabi<br>OneLLP<br>pafrasiabi@onellp.com | Joanna Ardalan<br>OneLLP<br>jardalan@onellp.com |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2024, at Marina Del Rey, California

By: /s/ Margo Arnold