1  Joanna Ardalan (Bar No. 285384)
2  jardalan@onellp.com
   Peter R. Afrasiabi (Bar No. 193336)
3  pafrasiabi@onellp.com
4  **ONE LLP**
   23 Corporate Plaza, Suite 150-105
5  Newport Beach, CA 92660
   Telephone:   (949) 502-2870
6  Facsimile:    (949) 258-5081
7
8  *Attorneys for Plaintiff,*
   Backgrid USA, Inc.
9
10            **UNITED STATES DISTRICT COURT**
11            **CENTRAL DISTRICT OF CALIFORNIA**
12
13  BACKGRID USA, INC., a California       Case No. 2:22-cv-06176 HDV (SKx)
    corporation,
14               Plaintiff,                **JOINT/AGREED PROPOSED**
15       v.                                **JURY INSTRUCTIONS**
16
17  SOURCE DIGITAL, INC., a New York       **Final Pretrial Conference**
    corporation; THE NORTHSTAR            Date: February 13, 2024
18  GROUP, INC., a New York               Time: 10:00 a.m.
    corporation; and DOES 1-10, inclusive, Crtrm: 5B
19
20            Defendant.                    **Trial Date**
21                                          Date: March 5, 2024
                                            Time: 9:00 a.m.
22                                          Crtrm: 5B
23
24
25
26
27
28

_____
             **JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**Duty of Jury (Court Reads and Provides Written Set of Instructions)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set of instructions to refer to throughout the trial. These instructions are not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, these instructions will be collected and I will give you a final set of instructions. It is the final set of instructions that will govern your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

**<u>SOURCES</u>**

*Ninth Circuit Model Instruction 1.2 (no changes).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

1                               **Burden of Proof—Preponderance of Evidence**

2          When a party has the burden of proving any claim or affirmative defense by a

3  preponderance of the evidence, it means you must be persuaded by the evidence that

4  the claim or affirmative defense is more probably true than not true.

5          You should base your decision on all of the evidence, regardless of which

6  party presented it.

7

8  <u>**SOURCES**</u>

9  *Ninth Circuit Model Instruction 1.6 (brackets removed).*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

## What is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits that are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

## **SOURCES**

*Ninth Circuit Model Instruction 1.9. (brackets removed from "may instruct.";*
*brackets and "have instructed" removed entirely).*

3

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**SOURCES**

*Ninth Circuit Model Instruction 1.10. (brackets)*

---

4

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Evidence for Limited Purpose**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

**<u>SOURCES</u>**

*Ninth Circuit Model Instruction 1.11 (brackets).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**SOURCES**

*Ninth Circuit Model Instruction 1.12 (no changes).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**SOURCES**

*Ninth Circuit Model Instruction 1.13 (no changes).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**SOURCES**

*Ninth Circuit Model Instruction 1.14 (no changes).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resources to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to

---

11

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

start over]. If any juror is exposed to any outside information, please notify the court immediately.

**<u>SOURCES</u>**

*Ninth Circuit Model Instruction 1.15 (brackets removed).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

1

**No Transcript Available to Jury**

2

I urge you to pay close attention to the trial testimony as it is given. During

3

deliberations you will not have a transcript of the trial testimony.

4

5

**<u>SOURCES</u>**

6

*Ninth Circuit Model Instruction 1.17 (no changes).*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

## <u>SOURCES</u>

*Ninth Circuit Model Instruction 1.18 (brackets removed from "jury room"; brackets and "courtroom" and "envelope in the jury room." removed entirely).*

**Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**<u>SOURCES</u>**

*Ninth Circuit Model Instruction 1.20 (brackets)*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**<u>SOURCES</u>**

*Ninth Circuit Model Instruction 1.21 (no changes).*

1

### Cautionary Instructions

2 **At the End of Each Day of the Case:**

3        As I indicated before this trial started, you as jurors will decide this case

4 based solely on the evidence presented in this courtroom.  This means that, after you

5 leave here for the night, you must not conduct any independent research about this

6 case, the matters in the case, the legal issues in the case, or the individuals or other

7 entities involved in the case.  This is important for the same reasons that jurors have

8 long been instructed to limit their exposure to traditional forms of media information

9 such as television and newspapers.  You also must not communicate with anyone, in

10 any way, about this case.  And you must ignore any information about the case that

11 you might see while browsing the internet or your social media feeds.

12 **At the Beginning of Each Day of the Case:**

13        As I reminded you yesterday and continue to emphasize to you today, it is

14 important that you decide this case based solely on the evidence and the law

15 presented here.  So you must not learn any additional information about the case

16 from outside the courtroom.  To ensure fairness to all parties in this trial, I will now

17 ask each of you whether you have learned about or shared any information about

18 this case outside of this courtroom, even if it was accidental.

19

20 **<u>SOURCES</u>**

21 *Ninth Circuit Model Instruction 2.0 (no changes).*

22

23

24

25

26

27

28

---

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**Use of Interrogatories**

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**<u>SOURCES</u>**

*Ninth Circuit Model Instruction 2.11 (brackets removed from "will now be" and around "[was]" removed entirely).*

1

### **<u>Charts and Summaries Not Received In Evidence</u>**

2        Certain charts and summaries not admitted into evidence may be shown to

3 you in order to help explain the contents of books, records, documents, or other

4 evidence in the case.  Charts and summaries are only as good as the underlying

5 evidence that supports them.  You should, therefore, give them only such weight as

6 you think the underlying evidence deserves.

7

8 <u>Source</u>.  MJI 2.14 (removing brackets from "may be;" removing "have been"

9 entirely)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Charts and Summaries Received In Evidence**

Certain charts and summaries may be admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the testimony or other admitted evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

<u>Source</u>: MJI 2.15 (removing brackets from "may be;" removing "have been" entirely)

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### **<u>SOURCES</u>**

*Ninth Circuit Model Instruction 3.1 (no changes).*

**Consideration of Evidence—Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath

to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**SOURCES**

*Ninth Circuit Model Instruction 3.2 (bracketed statements removed).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**Communication With Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**SOURCES**

*Ninth Circuit Model Instruction 3.3 (brackets removed).*

**Readback or Playback**

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a readback of the testimony of [witness's name] it is being provided to you, but you are cautioned that all readbacks run the risk of distorting the trial because of overemphasis of one portion of the testimony. Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible. Because of the length of the testimony of this witness, excerpts will be read. The readback could contain errors. The readback cannot reflect matters of demeanor, tone of voice, and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony read cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Although a court has broad discretion to read back excerpts or the entire testimony of a witness when requested by a deliberating jury, precautionary steps should be taken. Absent the parties' stipulation to a different procedure, the jury should be required to hear the readback in open court, with counsel for both sides present, and after giving the admonition set out above. *See United States v. Newhoff*, 627 F.3d 1163, 1167 (9th Cir.2010); see also JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.C (2013).

**SOURCES**

*Ninth Circuit Model Instruction 3.4 (brackets removed from all references to "read" and "readback(s)"; brackets and all references to "played" and*

*"playback(s)" removed entirely); see also United States v. Newhoff*, 627 F.3d 1163, 1167 (9th Cir. 2010); JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 5.1.C (2013).

**Return of Verdict**

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

**<u>SOURCES</u>**

*Ninth Circuit Model Instruction 3.5 (removed reference to "[e]xplain verdict form as needed" and surrounding brackets; remaining brackets left incomplete for later changes).*

**Post-Discharge Instruction**

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any person you choose. By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.

Always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence. Please respect the privacy of the views of the other jurors.

Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.

## **SOURCES**

*Ninth Circuit Model Instruction 3.9 (brackets removed; "finally" removed from third paragraph).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

1
2

### 17.5 Copyright Infringement—Elements—Ownership and Copying
### (17 U.S.C. § 501(a)-(b)))

3   Anyone who copies original expression from a copyrighted work during the

4   term of the copyright without the owner's permission infringes the copyright.

5   On the plaintiff's copyright infringement claim, the plaintiff has the burden

6   of proving by a preponderance of the evidence that:

7   1.      the plaintiff is the owner of a valid copyright; and

8   2.      the defendant copied original expression from the copyrighted work.

9   If you find that the plaintiff has proved both of these elements, your verdict

10  should be for the plaintiff.  If, on the other hand, you find that the plaintiff has failed

11  to prove either of these elements, your verdict should be for the defendant.

12  <u>**SOURCES**</u>

13  *Ninth Circuit Model Instruction 17.5 (no changes).*

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

1
2

### 17.12 Copyright Interests—Assignee
### (17 U.S.C. § 201(d)(1))

3
4
5
6

  In this case, Backgrid does not claim to be the author of the copyright at issue.  Instead, Backgrid claims that it received the copyright by virtue of assignment from the work's author so that the Backgrid is now the assignee of the copyright.

7
8
9
10

  A copyright owner may transfer to another person all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work.  The person to whom the copyright is transferred  becomes the owner of the copyright in the work.

11
12
13

  To be valid, the [transfer] must be in a writing signed by the transferor.  The person to whom this right is transferred is called an assignee.  The assignee may enforce this right to exclude others in an action for copyright infringement.

14

**<u>SOURCES</u>**

15

*Ninth Circuit Model Instruction 17.12 (brackets).*

16
17
18
19
20
21
22
23
24
25
26
27
28

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**17.17 Copying—Access and Substantial Similarity**

Instruction [*insert cross reference to the pertinent instruction, e.g., Instruction 17.5*] states that the plaintiff has the burden of proving that the defendant copied original elements from the plaintiff's copyrighted work.  The plaintiff may show the defendant copied from the work by proving by a preponderance of the evidence that the defendant had access to the plaintiff's copyrighted work and that there are substantial similarities between the defendant's work and original elements of the plaintiff's work.

If you find that the plaintiff has failed to prove either access to the plaintiff's copyrighted work or substantial similarities between the defendant's work and original elements of the plaintiff's work, your verdict should be for the defendant.

**SOURCES**

*Ninth Circuit Model Instruction 17.17 (brackets).*

## 17.21 Derivative Liability—Contributory Infringement
## —Elements and Burden of Proof

A defendant may be liable for copyright infringement engaged in by another if it knew or had reason to know of the infringing activity and intentionally materially contributed to that infringing activity.

If you find that Source Digital's contributors infringed the plaintiff's copyright in Backgrid's Photographs, you must determine whether Source Digital contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1. the defendant knew or had reason to know of the infringing activity of Source Digital's contributors; and

2. the defendant intentionally materially contributed to Source Digital's contributors infringing activity.

If you find that Source Digital's contributors infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant.

**SOURCES**

*Ninth Circuit Model Instruction 17.21 (brackets).*

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

## **Copyright – Damages – Statutory Damages**

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages. The plaintiff seeks a statutory damage award, established by Congress for each work infringed. Its purpose is not only to compensate the plaintiff for its losses, which may be hard to prove, but also to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.

However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.

Instructions *[insert number of pertinent instructions]* will tell you what constitutes innocent infringement and what constitutes willful infringement.

Source: MJI 17.35 (removing brackets from "each work infringed, "its;" "However, if you find…," "However, if you find…," "Instructions *[insert number of pertinent instructions]…";* removing "the work infringed," "his," "her," entirely.

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

### **Copyright – Damages – Innocent Infringement**

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1. the defendant was not aware that its acts constituted infringement of the copyright; and

2. the defendant had no reason to believe that its acts constituted an infringement of the copyright.

<u>Source</u>: MJI 17.36 (removing brackets from "its," "its;" removing "his," "her," "his," "her" entirely

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

## **<u>Copyright – Damages – Willful Infringement</u>**

An infringement is considered willful when the plaintiff has proved both of the following elements by a preponderance of the evidence:

1.    the defendant engaged in acts that infringed the copyright; and

2.    the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

<u>Source</u>:  MJI 17.37 (no changes)

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**Statutory Damages – One Award Per Work Infringed**

**(17 U.S.C. § 504)**

You must make one and only one award of statutory damages for each "work" infringed. This remains true no matter how many infringing copies have been made.

**<u>SOURCES</u>**

*Columbia Pictures Television v. Krypton Broad of Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997) ("when statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work.").

Dated:  January 30, 2024                    **ONE LLP**

By: *<u>/s/ Joanna Ardalan</u>*
Joanna Ardalan
Peter R. Afrasiabi

*Attorneys for Plaintiff,*
Backgrid USA, Inc.

Dated: January 30, 2024                    **NOLAN HEIMANN LLP**

By:   *<u>/s/ Jordan Susman</u>*
Jordan Susman

Jordan Susman, Esq. (SBN 246116)
Margo Arnold, Esq. (SBN 278288)
**NOLAN HEIMANN LLP**
16000 Ventura Blvd., Ste. 1200
Encino, California 91436
Telephone: (818) 574-5710
E-mail:jsusman@nolanheimann.com

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

marnold@nolanheimann.com

Matthew Abbott
**THE MCMILLAN FIRM**
240 West 35th St., Suite 405
New York, NY 10001
Telephone: (646)
Email:
matthew@thenorthstargroup.biz

Attorneys for Defendant,
SOURCE DIGITAL, INC.

37

**JOINT/AGREED PROPOSED JURY INSTRUCTIONS**

**SIGNATURE ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)(i)**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that the other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this filing.

Dated: January 30, 2024                **ONE LLP**

By: /s/ *Joanna Ardalan*

Joanna Ardalan

**ATTESTATION**