UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-06176-HDV (SKx)                                          Date: May 3, 2024

Title   <u>*BackGrid USA, Inc. v. Source Digital, Inc. et al*</u>


Present: The Honorable:   <u>Hernán D. Vera, United States District Judge</u>

|  Wendy Hernandez  |  None.  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None. | None. |

**Proceedings:**   **OMNIBUS ORDER ON MOTIONS IN LIMINE [DKT. NOS. 46, 58, 59]**

      This dispute between Plaintiff Backgrid USA, Inc. ("Backgrid") and Defendant Source Digital, Inc. ("Source Digital") centers around photographs of Jennifer Lopez, A$AP, Jay-Z, Kevin Hart, Ellen DeGeneres, and Saweetie (the "Celebrity Photographs") that Backgrid purports to own.  Complaint ¶¶ 1–2, 9 [Dkt. No. 1].  Backgrid claims that Source Digital willfully infringed on its copyrights under 17 U.S.C. § 501 *et seq.* involving at least four of the Celebrity Photographs.  *Id.* ¶¶ 12–13, 20.  Backgrid seeks statutory damages for willful infringement under 17 U.S.C. §§ 504(a)(2), (c) and reasonable attorney fees under 17 U.S.C. § 505.  Prayer for Relief ¶¶ 5–6 [Dkt. No. 1].

      Before the Court are ten motions in limine ("MILs")—two from Plaintiff and eight from Defendant—challenging various categories of evidence that the parties may seek to introduce at the upcoming trial.[1]  Having considered the parties' MILs, supporting declarations, oppositions, and oral arguments, the Court rules as follows.

**I.   PLAINTIFF'S MOTIONS IN LIMINE**

   **A.   Plaintiff's MIL #1**

      Plaintiff's first MIL seeks to exclude evidence or argument characterizing Plaintiff as a "copyright troll" or referring to other copyright enforcement actions that Plaintiff has brought in the past.  [Dkt. No. 58].  Plaintiff concedes that Defendant can introduce evidence related to the investigation of the Celebrity Photographs as a secondary source of income, but not to introduce history of ***prior*** copyright infringement actions.  [Dkt. No. 75].

---

[1] The Court heard oral argument on February 13, 2024.  [Dkt. No. 75].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-06176-HDV (SKx)                                                    Date: May 3, 2024

Title   <u>BackGrid USA, Inc. v. Source Digital, Inc. et al</u>

In its Opposition and at oral argument, Defendant responds that it "does not intend to argue or refer to Plaintiff as a 'copyright troll.'"  *See* [Dkt. No. 61] at 1.  Defendant clarifies that it does not intend to bring up evidence of Plaintiff's prior copyright actions but to instead introduce evidence regarding Plaintiff's process of investigating the Celebrity Photographs copyright infringement as a second source of income.  [Dkt. No. 75].

It is well-settled that alluding to a plaintiff's prior litigation actions is generally irrelevant and prejudicial under Federal Rule of Evidence 402.  *See Novelty Textile Inc. v. Wet Seal Inc.*, No. CV1305527SJOMRWX, 2014 WL 12603499 at *4 (C.D. Cal. Oct. 22, 2014) (citing *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008)) ("The use of past litigation to cast doubt upon a litigant's present credibility warrants careful scrutiny.").  That principle is fully applicable here.  Plaintiff's prior litigation is equally consistent with the view that it has valuable intellectual property and that it has acted to protect those rights.  Thus, any arguments or evidence referring to Plaintiff as a "copyright troll", and any arguments or evidence referring to prior copyright actions, are excluded. To that extent, Plaintiff's MIL #1 ***is granted in part***.

However, Defendant's other two stated purposes – i.e., to explore how Plaintiff investigated the Celebrity Photographs, and to show that Plaintiff uses this as a secondary source of income – fall outside this general rule and are relevant to the claims.  The Court will therefore allow evidence and argument along these lines, so long as doing so does not imply or signal to the jury that prior litigation was filed.  Any concerns with the applicability of this rule should be discussed prior to the admission of the evidence, or at sidebar.

**B.   Plaintiff's MIL #2**

Plaintiff's second MIL seeks to exclude evidence or argument that Defendant made "fair use" of Plaintiff's copyrighted works.  [Dkt. No. 59].  Defendant raised the fair use affirmative defense in its Answer to the Complaint.  Answer at 6 [Dkt. No. 23].

"[W]here the plaintiff receives adequate notice that the defendant intends to plead a particular affirmative defense, a court may find that the plaintiff is not prejudiced by the assertion of that defense at trial."  *Excelsior Coll. v. Frye*, No. 04-CV-0535-WQH (LSP), 2006 WL 8437032 at *3 (S.D. Cal. Oct. 30, 2006) (citing *Camarillo v. McCarthy*, 998 F.2d 638, 639

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:22-cv-06176-HDV (SKx)                                      Date: May 3, 2024

Title     <u>BackGrid USA, Inc. v. Source Digital, Inc. et al</u>

(9th Cir. 1993)). A motion for summary judgment is the proper vehicle for seeking an adjudication on an affirmative defense. Federal Rule of Civil Procedure 56(a) ("A party may move for summary judgment, identifying each claim or defense … on which summary judgment is sought.").

Here, Plaintiff declined to bring any dispositive motions during the time provided by the Court and cannot seek a dispositive ruling on Defendant's fair use defense through a disguised motion in limine. A motion in limine on this issue is improper. *See, e.g., Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1162 n.4 (9th Cir. 2013), *aff'd*, 574 U.S. 418 (2015) ("a motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim.").

Plaintiff's MIL #2 is ***denied.***

**II.     DEFENDANT'S MOTION IN LIMINE[2]**

**A.  Defendant's MIL #1**

Defendant moves to exclude evidence and argument concerning or relating to Plaintiff's unpled claims of copyright infringement regarding eight other photographs. [Dkt. No. 46] at 3–4. The last day Plaintiff had to amend the Complaint was May 8, 2023. *See* Scheduling Conference Order [Dkt. No. 30.]. Moreover, Plaintiff should have amended Complaint or filed leave to amend when the additional infringements were discussed between the parties.[3] *See* Joint Case Management Statement [Dkt. No. 38] ¶ f (discussing amending complaint to add two additional alleged infringements). Thus, evidence of the unpled copyright infringements is otherwise inadmissible because the Plaintiff had ample opportunity to amend the complaint and allowing amendment given the pending trial set for August 13, 2024 would be unduly prejudicial. *See* [Dkt. No. 86]. However, the Court will allow evidence of the additional infringing acts only for the limited purposes of proving willful infringement because Defendants have been put on notice of the additional infringing acts and provided the relevant information such as the registrations, the assignments, and the deposits. *See* Joint Exhibit List ¶¶ 2–43 [Dkt. No. 52].

---

[2] Defendant submits a consolidated omnibus motions in limine, and the Court considers each component as a separate motion in limine. [Dkt. No. 46].

[3] At oral argument, Plaintiff recognizes that it should have amended the complaint when it was still timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-06176-HDV (SKx)                                                   Date: May 3, 2024

Title   <u>BackGrid USA, Inc. v. Source Digital, Inc. et al</u>

Defendant's MIL #1 is ***granted in part and denied in part***. An appropriate limiting instruction will accompany the introduction of evidence of the additional alleged infringements to be considered only for the purposes of willfulness or maliciousness, not as separate acts of infringement.

### B.  Defendant's MIL #2

Defendant moves to exclude evidence and argument concerning or relating to Digital Millennium Copyright Act ("DMCA") notices received by Defendant. [Dkt. No. 46] at 4–5. Defendant argues that the "majority of DMCA notices that Plaintiff seeks to admit … concern[ed] allegations of *music* copyright infringement." *Id.* at 4 (emphasis in original). The Court finds the DMCA notices regarding music copyright infringement to be irrelevant and inadmissible under the Federal Rule of Evidence 402 given that the dispute only concerns the Celebrity Photographs. However, any DMCA notices <u>that pertain to the Celebrity Photographs</u> are admissible to show that Defendant had notice of possible copyright infringement and to prove willfulness. *See United States v. Nosal*, No. CR-08-0237 EMC, 2013 WL 11327121 at *2 (N.D. Cal. Mar. 29, 2013) (statements showing "notice or effect on the listener" are admissible as "nonhearsay uses" because the statements are not "establishing the truth of the matter asserted"); Federal Rule of Evidence 801(c)(2).

Defendant's MIL #2 is ***granted in part and denied in part.***

### C.  Defendant's MIL #3

Defendant moves to preclude Plaintiff from asking the jury to "send a message." [Dkt. No. 46] at 5. At oral argument, Plaintiff stated it does not intend to use this phrase, but only intends to discuss elements of statutory damages for copyright infringement such as willfulness. The Court agrees that the phrase "send a message" is inappropriate because it is likely to confuse the jury by introducing concepts of punishment outside the four corners of what statutory damages allow. But because Plaintiff has already disavowed the use of this language, the motion is ***moot***.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-06176-HDV (SKx)                                              Date: May 3, 2024

Title   <u>BackGrid USA, Inc. v. Source Digital, Inc. et al</u>

### D. Defendant's MIL #4

Next, Defendant moves to preclude Plaintiff from suggesting particular damages figures to the jury. [Dkt. No. 46] at 6. Defendant cites *Mileski v. Long Island R. Co.*, 499 F.2d 1169, 1172 (2d Cir. 1974) to argue that Plaintiff suggesting a specific damages amount would be unduly prejudicial because a jury might rely on the figure too heavily. *See id.* However, the court in *Mileski* ultimately held that it would not prohibit counsel "from giving any opinion as to the dollar amount which the jury should award" and would "leave the matter largely to the trial judge's discretion." *Id.* at 1173–74. Defendant provides no relevant caselaw supporting its contention that Plaintiff should be precluded from suggesting a specific figure to the jury. The Court finds that such statements are not unduly prejudicial or confusing to jurors under Federal Rules of Evidence 402 and 403. The award for willful copyright infringement is discretionary, *see* 17 U.S.C.A. § 504(c)(2), and to meet its burden, it makes sense for Plaintiff to make its request known to the jury.

Defendant's MIL #4 is ***denied.***

### E. Defendant's MIL #5

Defendant moves to preclude Plaintiff from using salacious language such as "egregious," "malicious," "fraud,"[4] etc. [Dkt. No. 46] at 6. Plaintiff is claiming statutory damages for copyright infringement, including willful infringement and reasonable attorneys' fees incurred. *See* Prayer for Relief ¶¶ 5–6. Since "attorneys' fees are available in infringement cases where the acts of infringement can be characterized as malicious, fraudulent, deliberate, or willful," the Court finds that Plaintiff is allowed to use such words to prove its case. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (citation omitted).

Defendant's MIL #5 is ***denied.***

### F. Defendant's MILs #6–8

Defendant moves to exclude evidence and argument concerning or relating to attorney's objections in discovery, evidence, or argument regarding this Motion in Limine, and other topics that are precluded under the Federal Rules of Evidence. [Dkt. No. 46] at 6–9.

---

[4] At oral argument, Plaintiff stated that it does not intend to claim fraud or use the word fraud at trial. [Dkt. No. 75].

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-06176-HDV (SKx)                                         Date: May 3, 2024

Title   *BackGrid USA, Inc. v. Source Digital, Inc. et al*

    Plaintiff argues that "there is no need for the Court to enter an order requiring Plaintiff to abide by evidentiary rules [that] it is already obligated to do so." [Dkt. No. 60] at 6.  The Court agrees.  An attorney's prior objections in litigation are almost never relevant, and no motion is required to exclude this type of common litigation-related conduct and communication.  Were it otherwise, every trial would necessitate the filing of countless such motions in limine.  Parties are bound to the Federal Rules of Evidence, and no Motion in Limine is needed to require such compliance.

    Defendant's MILs #6–8 are ***denied***.

    **IT IS SO ORDERED.**